## AUTHORITY OF COUNCIL TO AUTHORIZE THE BUILDING OF A SPUR RAILWAY TRACK.

Common Pleas Court of Hamilon County.

THE CITY OF CINCINNATI v. THE BALTIMORE & OHIO SOUTH-
WESTERN RAILROAD COMPANY.*

Decided, July 23, 1912.

*Railways—Validity of Ordinance Granting Right to Lay Proposed
Tracks Within the Municipal Limits—Sections 8895 to 8902.*

1. A spur track thirty-two hundred feet long, from which numerous
   private sidings will branch off to nearby factories, is not a new
   line of railway, and authority to authorize the laying of such
   a track is vested by Section 8902, G. C., in the municipal council.
2. The authority of this statute is not limited to the construction of
   a track to a single "mill, factory or other manufacturing estab-
   lishment," but is broad enough to cover the plural of these words
   and to include streets as well as a single street.

*Alfred Bettman,* City Solicitor, for plaintiff.
*Harmon, Colston, Goldsmith & Hoadly,* contra.

DICKSON, J.

The plaintiff, City of Cincinnati, a municipal corporation by
its solicitor and at the request of a tax-payer, complains that its
council by ordinance has attempted to grant certain rights to the
defendant, the Baltimore & Ohio Southwestern Railroad Com-
pany, a railroad corporation, and says that the ordinance is void
and asks that the defendant be perpetually enjoined from as-
serting any rights under it.

The plaintiff in its petition sets out the ordinance in full and
gives in detail all of the facts upon which it relies. The defend-
ant in detail in its answer admits practically all of the facts set

*Affirmed by the circuit court without opinion, and judgment of cir-
cuit court affirmed by the Supreme Court without opinion, *Cin-
cinnati* v. *B. & O. S. W. Railway Co.,* 88 Ohio State.

out in the petition.   There is no evidence.   The only issue raised by the pleadings and admissions in argument is:   Are the certain proposed tracks, switches, sidings, branch lines from a line of railroad to a mill, factory, or other manufacturing establishment, etc., for additional tracks to increase yard facilities or not? The plaintiff asks a judgment on the pleadings.   The defendant asks a dismissal thereunder.

The facts are substantially as follows:

The ordinance, omitting certain details not necessary here, is as follows:

"An Ordinance No. 3007.

"Granting to the Baltimore & Ohio Southwestern Railroad Company permission to construct, maintain and operate an industrial siding in and across Ford street, Adelaide street, Monmouth street and Alabama avenue, and to construct two railroad tracks in and across Marquis avenue, Arlington street and Sassafras street, and in and across all intervening alleys.

"Be it ordained, by the council of the city of Cincinnati, state of Ohio.

"Section 1.   That the Baltimore & Ohio Southwestern Railroad Company be, and it is hereby granted permission to lay down a railroad track connecting on the east side thereof with its main line at a point south of Colerain avenue, which track shall cross certain streets extending from Colerain avenue on the east to Spring Grove avenue on the west with a single railroad track.   The purpose of constructing said track is to provide railroad facilities to certain industries located on premises fronting on said Colerain avenue and said Spring Grove avenue.   The crossings referred to may be described as follows:

\*     \*     \*     \*     \*     \*

"The point of connection of said track with the main line of said railroad company and the crossings enumerated above, and the industries for which railroad facilities will be provided are shown on the blue print hereto attached and made a part hereof; and the rights and privileges herein granted are solely for the purpose of providing railroad facilities to the present and future industries locating hereafter along said track, and can not be used for any other purpose.

"Section 2.   Said tracks shall be constructed under the supervision and to the satisfaction of the city engineer, and shall be so constructed as not to interfere with the ordinary use or drain-

age of the streets, avenues and alleys over which the same are to be constructed.

"Section 3.  Said tracks shall conform to the grade of the streets, avenues and alleys over which they cross, and said railroad company shall immediately after laying said tracks thereon, restore said streets, avenues and alleys, where disturbed by it, to their present condition."

The petition states:

"That as said plat indicates, said railroad sought to be built by defendant under and by virtue of said ordinance starts from the main line of said defendant, at or near Ford street, and runs southwardly between Spring Grove avenue and Colerain avenue and parallel thereto for a distance of about thirty-two hundred (3200) feet.  Plaintiff states that said ordinance provides for the building of the railroad therein described across the following streets, running eastwardly and westwardly between said Colerain avenue, and Spring Grove avenue, at the grade of said streets, said streets being each and all of them public streets and highways in and of the city of Cincinnati."

Also:

"That no railroad tracks now cross said streets at or near the points to be crossed under the provisions of said ordinance, and that Spring Grove and Colerain avenues are long, important streets and thoroughfares of the city of Cincinnati."

Upon the streets and avenues crossed by these tracks there are now located various manufacturing establishments which will be at or near to the proposed tracks.   There are also on said streets and avenues various residences.   It may be necessary also to construct upon private property additional tracks to reach the buildings thereon.

The petition also states:

"Second.  That said railroad sought to be built, under and by virtue of said ordinance, is not a switch, siding, or branch line, or an additional track, at previously existing crossings, as provided in Section 8902 of the General Code of Ohio, and is therefore contrary to said Sections 8895 to 8901, in that said

defendant seeks to build said railroad at the grade of said streets aforesaid.''

The defendant admits the passage of the ordinance, that the plat filed is correct; that the track sought to be built starts from the main line of railroad and runs southwardly between Spring Grove and Colerain avenues and parallel to them for a distance of about 3200 feet; that the track or tracks are to cross the street at grade; that there are manufacturing buildings and residences and other buildings thereon, and admits the general condition of the property abutting on the proposed track is as stated; admits also that there are on certain streets no manufacturing plants and part of the territory is vacant and unimproved and is over ten to fifteen feet below the grade of the surrounding streets; admits the description in the petition as to the factories and industrial plants in the territory in question, that the tracks will not be necessarily alongside of the manufacturing establishments; that in substance many of the manufacturing establishments must be reached by additional private tracks; and denies that the ordinance in question is invalid and void and says that the tracks are sidings and branches of a main line; that the tracks sought to be built are additional tracks thereto for the purpose of increasing the defendant's freight facilities at this terminal point—Cincinnati—and says that it has a right to build this switch system under and by virtue of the ordinance granted and enacted under Section 8902 of the Revised Statutes.

The statutes governing the issue are 8895 to 8902 inclusive of the General Code.

''Section 8895. Except as hereinafter provided, all crossings, hereafter constructed, whether of highways by railroads, or of railroads by highways, shall be above or below the grade thereof. .

''Section 8896. Every railroad company building a new line of road, under its charter powers, across a highway, shall construct it above or below the grade of the highway, unless in the manner hereinafter provided, allowed to build it at grade. * * *

''Section 8897. * * * [Not necessary for the issue involved.]

"Section 8898. When it is desired by a railroad company constructing a new railroad, or in changing or. in altering the location of one heretofore constructed,'' * * * "a petition shall be presented by the party desiring such construction or diversion, to the common pleas court of the county within which the crossing or diversion is situated.'' * * *

"Section 8899. Such petition shall set forth the reasons that are supposed to make such change or alteration necessary or desirable;'' * * * "the court shall make an order or orders permitting such crossing at a grade or diversion. to be established.'' * * *

"Section 8900. * * * [Not necessary for the issue involved.]

"Section 8901. * * * [Not necessary for the issue involved.]

"Section 8902. Nothing in sections eighty-eight hundred and ninety-five to eighty-nine hundred and one both inclusive, shall prevent a railroad company from· laying additional tracks at previously existing crossings, or from constructing switches, sidings and branch lines from their lines of road to a·mill, factory, or other manufacturing establishment, or other industrial plant, or an elevator, wharf or pier, or gravel, marl, or clay bed, or any mine, or from laying additional track to increase their yard facilities at terminal or other points across public hghways at the grade thereof. * * *''

Is this proposed track (or tracks) a new railroad— a new line of road and thus under the court of common pleas under Sections 8895-8901 inclusive; or are switches, sidings or branch lines from the line of a road to a mill, factory, etc., or the laying of additional tracks to increase yard facilities desired under Section 8902, General Code, thus under the municipality by its council?

Section 1 of the ordinance provides:

"That the Baltimore & Ohio Southwestern Railroad Company be and it is hereby granted permission *to lay down a railroad track connecting on the east side thereof with its main line,''* and the track is to cross certain designated streets.

"The purpose of constructing said track is *to provide railroad facilities to certain industries* located on premises fronting on said Colerain avenue and Spring Grove avenue.''

"And which track will cross certain of said streets with a double track."

Also:

"And the rights and privileges herein granted are *solely* for the purpose of *providing railroad facilities* to the *present* and *future industries* locating hereafter along said track *and can not be used for any other purpose.*"

"Section 2.   Said track shall be constructed under the supervision and to the satisfaction of the city engineer and shall be so constructed as not to interfere with the ordinary use or drainage of the streets, avenues and alleys over which the same are to be constructed."

From the stated facts in the pleadings the court is of the opinion that the proposed track (or tracks) is not a new line of road, and therefore not governed by Sections 8895-8901 inclusive, but that the tracks are under the exceptions to these sections and governed by Section 8902 and under the care and control and subject to the government of the city by its council.

The court is also of the opinion that the language and intent of the statutes is broad enough to mean and include the plural of mill, factory and other manufacturing establishment, etc., as well as the singular.

The court is also of the opinion that the language and intent of the statute is broad enough to mean and to include streets as well as street.

All of the equities are with the defendant and the petition will be dismissed.